502 P.2d 98 (1972)
MORRIS ALPERT AND SONS, INC., a Colorado corporation; and Credit Tech Corporation, a Colorado corporation, Plaintiffs-Appellants,
v.
Raymond H. KAHLER, Donald H. Puffer, and The Retail Credit Men's Association, a Colorado corporation, Defendants-Appellees.
No. 71-347.
Colorado Court of Appeals, Div. I.
October 17, 1972.
Zarlengo & Kirshbaum, Arthur W. Zarlengo, Denver, for plaintiffs-appellants.
Hellerstein & Hellerstein, P.C., L. A. Hellerstein, Daniel S. Hoffman, Denver, for defendants-appellees.
Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Plaintiffs-appellants, Morris Alpert and Sons, Inc., and Credit Tech Corporation, both Colorado corporations brought this *99 action against The Retail Credit Men's Association (RCMA), a Colorado not-for-profit corporation, and two of its officers, challenging the validity of actions taken by RCMA in the calling of a meeting of its members and in the actions taken at that meeting. After a hearing to the court on stipulated facts, the trial court entered judgment dismissing the complaint. Plaintiffs appeal from that judgment. We affirm.
RCMA is a not-for-profit corporation organized under C.R.S.1963, 31-19-1 et seq., which has not elected to accept the provisions of 1967 Perm.Supp., C.R.S.1963, 31-24-1 et seq. Plaintiff, Morris Alpert and Sons, Inc., is a member of RCMA.
RCMA's directors determined it was advisable to sell all the assets of the association and to liquidate RCMA. To submit this proposal to the members a meeting was called to be held on August 26, 1970. Prior to the meeting, however, plaintiffs brought this action and obtained a temporary restraining order which prevented the holding of the meeting.
On September 3, 1970 the parties stipulated as to the course of action to be taken by RCMA in presenting the proposition to the members for their consideration.
Thereafter the following acts pertinent to this appeal occurred: RCMA requested several companies to submit proposals for the purchase of RCMA's assets. Three proposals were submitted and considered by the board of directors. On October 8, 1970, the board sent to all members a "Notice of Special Meeting of Members" to be held on October 20, 1970. The notice contained a plan of complete liquidation and an outline of the three proposals. Attached to the notice was a letter, signed by the president of RCMA, which set forth the conclusion of the board as to which of the proposals constituted the best offer. A proxy form and solicitation to vote for the offer recommended by the directors accompanied the notice.
The meeting was held on October 20, at which a majority of the members were present either in person or by proxy. At that meeting the proposed plan of liquidation was adopted. However, because an amended offer was submitted by one of the bidders between the time that the notice was sent out and the time that the meeting was held, no action was taken on the offers to purchase the assets. Instead, pursuant to motion, the meeting was adjourned to October 30, 1970, for further consideration of the offers.
On October 22, 1970, RCMA's president again sent a letter to all members explaining the above events. A new summary of the offers received accompanied the letter, together with a new proxy form and solicitation recommending acceptance of the amended bid, which had been submitted by a bidder other than the one whose offer had first been recommended by the directors. On October 30, the meeting, designated by the directors as an adjourned special meeting, was held. At this meeting approximately 1273 members were present in person or by proxy. Between 1800 and 1850 members were entitled to vote. A vote was taken to determine which of the offers should be accepted and 831 votes were cast in favor of the amended offer recommended by the directors. Based on that vote the assets of RCMA were sold to that bidder.
Plaintiffs challenge the validity of that sale on three grounds, namely: (1) the meeting of October 30 was unlawfully called and held; (2) a vote of two-thirds of all members is required by law to sell all the assets of the association; (3) a vote of two-thirds of all members is required by law to adopt a plan of liquidation.
Plaintiffs' objection to the calling of the October 30 meeting is based on their assertion that consideration of the amended offer constituted new business and that therefore the meeting was not an adjourned meeting but a new meeting which under RCMA's by-laws, required a new ten-day notice. However the original notice for the meeting of October 20 provided *100 that the meeting was called, "for the following purposes: . . . (2) to consider and act upon proposals for the sale of the assets of the association; and (3) to transact such other business as may properly come before said meeting or any adjournment thereof." The amended proposal was discussed at the October 20 meeting and was within the scope of the original call. No additional notice is needed for an adjourned meeting, which is but a continuation of the meeting described in the original notice. 19 Am.Jur.2d Corporations § 617. The October 30 meeting was properly called in compliance with the by-laws of RCMA.
Plaintiffs contend that the provisions of the Colorado Corporation Code (C.R.S. 1963, Ch. 31, Arts. 1 to 10) govern and that a two-thirds vote of the members was required to authorize sale of the assets and the plan of liquidation. They rely on 1967 Perm.Supp., C.R.S.1963, 31-1-3(4) which provides, in pertinent part:
"This code shall apply to corporations of every class, including classes organized under and governed by other statutes of Colorado, to the extent it is not inconsistent with such other statutes."
Plaintiffs further rely on C.R.S.1963, 31-5-12(2), which provides that a vote of two-thirds of the outstanding authorized voting shares of a corporation is required in order to sell corporate assets when such sale is not in the ordinary course of business, and rely on C.R.S.1963, 31-8-3, which requires a similar vote to adopt a resolution of dissolution of a corporation.
However, because of the basic distinction between business corporations and non-profit corporations and the difference in the relationships between such organizations and "stockholders" on the one hand and "members" on the other, it is the general rule that business corporation statutes requiring more than a majority vote to achieve corporate action are not applicable to non-profit corporations, See Knapp v. Supreme Commandery, United Order of the Golden Cross, 121 Tenn. 212, 118 S.W. 390 and Chamber of Commerce v. Barton, 195 Ark. 274, 112 S.W.2d 619.
Additionally the provisions of the Colorado Corporation Code requiring a two-thirds affirmative vote relied on by plaintiffs are inconsistent with the provisions of C.R.S.1963, 31-19-1 et seq., and therefore are not applicable to RCMA. C. R.S.1963, 31-19-3, provides that the certificate of incorporation or the by-laws of a not-for-profit corporation shall provide, "The authority under which conveyance or encumbrance of all or any part of the corporate property may be made, . . . ." C.R.S.1963, 31-19-4, provides that the certificate of incorporation or corporate by-laws may provide "for the exercising of any corporate function, power, right, duty, or privilege."
Thus the members of a not-for-profit corporation organized and governed by C. R.S.1963, 31-19-1 et seq., are permitted to establish the rules which will govern the conduct of the corporation in the matters of the type at issue here. The by-laws of RCMA required only a majority vote of members present in person or by proxy to determine the matters presented at the meeting. This requirement was met, and the actions of the members were therefore valid.
Since the trial court correctly determined that the actions of RCMA and its members were valid, we need not consider the assertion of RCMA that Credit Tech Corporation, not being a member of RCMA, has no standing to assert a claim in this action.
Judgment affirmed.
DWYER and SMITH, JJ., concur.