## RICHARD H. CARTER *v.* GLEN BURNIE VOLUNTEER FIRE COMPANY, INC. ET AL.

[No. 59, September Term, 1981.]

*Decided December 23, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Alan Hilliard Legum,* with whom were *Legum, Cochran, Chartrand & Wyatt, P.A.* on the brief, for appellant.

*Roger N. Powell* for appellees.

RODOWSKY, J., delivered the opinion of the Court.

The single issue presented in this appeal is whether the voluntary dissolution of a Maryland nonstock corporation

which has voting members may be effected based upon the action of the board of directors, or whether the dissolution additionally requires the approval of the corporation's membership. Here we shall hold that approval by the affirmative vote of two thirds of all of the members entitled to vote on the matter is required.

The appellee, Glen Burnie Volunteer Fire Company, Inc. (the Company), is a Maryland nonstock corporation.[1] The agreed statement of facts in this case advises that in 1980 the board of directors of the Company decided to file articles of dissolution of the Company with the State Department of Assessments and Taxation.[2] The dissolution was approved by the unanimous vote of the board of directors of the Company, but the proposed dissolution was never submitted to the members of the Company at either an annual or special meeting. Both the charter and the bylaws of the Company are silent as to the procedure for voluntary dissolution. Appellant Richard H. Carter is a member of the Company who is not a member of the board of directors. The record does not reveal how many other members of the Company there are who would be entitled to vote at a regular or special meeting of the Company and who are not members of the board of directors. On December 19, 1980 the appellant filed a bill of complaint which sought, *inter alia,* that the Company be enjoined from proceeding with the dissolution and any sale of its real or personal property. An interlocutory injunction was denied. The denial was based on the trial court's conclusion that the proposed dissolution did not require approval by the Company's members. From that denial this appeal was taken. We granted certiorari prior to consideration of the case by the Court of Special Appeals.

Before addressing the legal issue between the parties, which turns on a question of statutory interpretation, it is

---

1. The complaint in this case also joined the members of the board of directors of the Company as defendants, through a representative. No issue is presented concerning that procedure. For convenience of reference we shall treat the Company as the sole appellee.

2. The proposed articles of dissolution are not part of the record.

helpful to take an overall view of the structure of those parts of the Corporations and Associations Article of Md. Code (1975 and 1981 Cum. Supp.) which are involved here. Title 1 deals with "General Provisions." Title 2 addresses "Corporations in General — Formation, Organization, and Operation." "Corporations in General — Extraordinary Actions" are taken up in Title 3, within which subtitle 4 deals with "Dissolution." Title 5, "Special Types of Corporations," includes subtitle 2, "Nonstock Corporations." The format of the Corporations and Associations Article does not repeat, in the nonstock corporation subtitle, the text of all of the provisions relating to corporations in general which apply to nonstock corporations. Rather § 5-201 (1981 Cum. Supp.) states:

> The provisions of the Maryland General Corporation Law [3] apply to nonstock corporations unless:
>
> (1) The context of the provisions clearly requires otherwise; or
>
> (2) Specific provisions of this subtitle or other subtitles governing specific classes of corporations provide otherwise.

Section 1-101, dealing with definitions, in relevant part provides:

> (a) *In general.* — In this article [*i.e.,* the entire Corporations and Associations Article], unless the context clearly requires otherwise, the following words have the meanings indicated.
>
> . . .
>
> (t) *Stockholder.* — "Stockholder" means a person who holds shares of stock in a corporation *and includes a member of a corporation organized without capital stock.* [Emphasis in lines 2-4 added.]

---

**3.** "[T]he Maryland General Corporation Law" refers to Titles 1 through 3 of the Corporations and Associations Article. Md. Code (1975, 1981 Cum. Supp.), § 1-103 of the Corporations and Associations Article.

Title 5, subtitle 2, "Nonstock Corporations," contains § 5-208 (1981 Cum. Supp.), which directly addresses dissolution. Subsection (a) thereof provides:

> *Application of Title 3 to nonstock corporations.* — Except as otherwise provided in this section, *the dissolution* or forfeiture of the charter *of a nonstock corporation shall be effected as provided in Title 3 of this article.* In dissolution or on forfeiture of the charter of the corporation, the directors have the powers and duties of directors of a stock corporation under this article. [Emphasis (in lines 2-5) added.]

Subsections (b) and (c) contain special provisions dealing with the winding up phase of the dissolution of a nonstock corporation, and principally with the distribution of its assets. However, the procedure for a dissolution is governed by Title 3.

The issue in this case revolves around whether the Company's dissolution is governed by § 3-402 or § 3-403. They read as follows:

> § 3-402. Approval of voluntary dissolution — No stock outstanding or subscribed for.
>
> (a) *In general.* — If there is no stock entitled to be voted on the dissolution either outstanding or subscribed for, the dissolution shall be approved as provided in this section.
>
> (b) *Approval before organization meeting.* — If the action is taken before the organization meeting of the board of directors, the dissolution shall be approved by resolution of a majority of the incorporators.
>
> (c) *Approval after organization meeting.* — If the action is taken after the organization meeting of the board of directors, the dissolution shall be approved by resolution of a majority of the entire board of directors.

§ 3-403. Same — Stock outstanding or subscribed for.

(a) *In general.* — If there is any stock entitled to be voted on the dissolution either outstanding or subscribed for, the dissolution shall be approved as provided in this section.

(b) *Directors' action.* — A majority of the entire board of directors of a corporation proposing to dissolve shall:

(1) Adopt a resolution which declares that dissolution of the corporation is advisable; and

(2) Direct that the proposed dissolution be submitted for consideration at either an annual or a special meeting of the stockholders.

(c) *Notice to stockholders.* — Notice which states that a purpose of the meeting will be to act on the proposed dissolution shall be given by the corporation in the manner required by Title 2 of this article to each stockholder entitled to vote on the proposed dissolution.

(d) *Stockholder approval.* — The proposed dissolution shall be approved by the stockholders of the corporation by the affirmative vote of two thirds of all the votes entitled to be cast on the matter.

The Company contends that "there is no stock entitled to be voted on the dissolution either outstanding or subscribed for," so that § 3-402 (c) applies and the dissolution requires only the approval of the directors. The appellant contends that if there are members of a nonstock corporation who are entitled to vote at a meeting, then notice of the proposed dissolution must be given to them and approval of the members is required under § 3-403 (d) because the reference there to "stockholders" must, under § 1-101 (t), be read as "members."

An analogous situation was presented in *Downing Development Corp. v. Brazelton,* 253 Md. 390, 252 A.2d 849 (1969). There Aviation Yacht and Country Club, Inc., a

Maryland nonstock corporation, had purportedly entered into a contract to sell substantially all of its assets consisting of 700 acres of valuable real estate. That case arose prior to the revision of the corporation law into the present Corporations and Associations Article. Articles of sale or transfer had not been "approved by the stockholders" under Md. Code (1957, 1966 Repl. Vol.), Art. 23, § 66 (d). In holding that the contract of sale was invalid and of no legal effect, we said (*id.* at 395, 252 A.2d at 852):

> While the above mentioned procedures are set forth in Part I "STOCK CORPORATIONS" of Article 23, it must be noted that Part II "NONSTOCK CORPORATIONS" of Article 23, provides in subsection 132 (a) that, "Except as otherwise provided * * *, every corporation of this state without capital stock shall comply with all provisions of Part I, Stock Corporations,* * *.", and subsection 132 (b) provides, "Wherever the term stockholders, * * * [is] used in this article, they shall be deemed to include members, * * *."

Section 66 (a) of former Art. 23 dealt with "consolidation or merger, and every . . . sale, lease, exchange or other transfer of all or substantially all the property and assets of a corporation of this State . . . ." Former § 66 (d), requiring stockholder approval, referred to corporate articles effecting all of these types of transactions. *Downing* stands for the proposition that the members of a nonstock corporation must approve those transactions. If the contention of the Company in this case is correct, the approval of the members of a nonstock corporation would never be required for voluntary dissolution because such a corporation, by definition, would never have "stock entitled to be voted on the dissolution," under the Company's reading of § 3-402 (a). This would mean that the extraordinary corporate action of dissolution, with respect to a nonstock corporation, would be treated differently than other extraordinary corporate actions by nonstock corporations. We can ascribe no such intent to the General Assembly.

If the dictates of §§ 1-101 (t) and 5-201 are followed, so that the reference to stockholders in § 3-403 (b) (2), (c) and (d) is read as a reference to members entitled to vote, the resulting interpretation is not barred by the context of §§ 3-402 and 3-403. In the context of the nonstock corporation, § 3-402 (c) applies where there are no members entitled to vote. Such a situation could arise where the directors named in the articles of incorporation [4] have held an organizational meeting and then have determined to dissolve before there are any other members.[5] On the other hand, if there are members other than the directors themselves, who are entitled to vote at a meeting of the corporation, then § 3-403 applies.

Our interpretation is consistent with modern corporation law generally.[6] 16A R. Eickhoff, *Fletcher Cyclopedia of the Law of Private Corporations* § 8019, at 125 (rev. perm. ed. 1979), states:

> [T]he business-corporation statutes, like the Model Business Corporation Act, generally contemplate the adoption by the board of directors of a resolution recommending dissolution of the corporation and its submission to a vote of the stockholders .... Likewise, the Model Nonprofit Corporation Act and other statutes governing nonprofit corporations similarly so provide, and if there are no members or no members entitled to vote thereon, the dissolution

---

**4.** Under § 2-104 (a) (8), articles of incorporation "shall include" the names of those who will initially serve as directors.

**5.** Section 5-204 would operate in such an event. It provides:

For purposes of any law or rule relating to members of a nonstock corporation, the directors of a nonstock corporation also constitute the members of the corporation and, when meeting as directors, may exercise the rights and powers of members if:

(1) The charter or bylaws of the corporation do not provide for members; or

(2) The nonstock corporation in fact has no members.

**6.** Also consistent is the statement in J. France, *Principles of Corporation Law* § 42, at 72 (2d ed. 1914) that the "holders of a majority of the shares ... of a stock corporation ... and a majority of the members of a non-stock corporation, — may authorize a bill to be filed for a voluntary dissolution."

of a nonprofit corporation may be authorized at a meeting of the board of directors upon the adoption of a resolution to dissolve by the vote of a majority of the directors in office. [Footnotes omitted.]

The Model Nonprofit Corporation Act referred to in *Fletcher* was proposed by the Committee on Corporate Laws of the Section of Corporation, Banking and Business Law of the American Bar Association. Section 45 of the 1964 revision of that model act, dealing with voluntary dissolution, recommends the following in subsection (a):

If there are members entitled to vote thereon, the board of directors shall adopt a resolution recommending that the corporation be dissolved, and directing that the question of such dissolution be submitted to a vote at a meeting of members entitled to vote thereon, which may be either an annual or a special meeting.

H. Oleck, *Non-Profit Corporations, Organizations, and Associations* § 328, at 854 (3d ed. 1974) describes the following procedure for the voluntary dissolution of a nonstock corporation without court supervision:

In most cases members agree upon a voluntary dissolution by adopting a resolution at a duly called meeting. In a few states the proper number may sign the certificate of dissolution without a meeting. Often the original resolution is first adopted by the directors and then submitted to the members for the approval required by the local statute. In many states a *surrender of franchise* may be filed before any corporate activities have been begun. [Emphasis in original.]

For a decision involving the voluntary dissolution of a nonstock corporation in which the matter was submitted to

a vote of the members, see *Morris Alpert and Sons, Inc. v. Kahler,* 31 Colo. App. 345, 502 P.2d 98 (1972).[7]

> *Judgment of the Circuit Court for Anne Arundel County reversed and case remanded for further proceedings.*
> *Costs to be paid by appellees.*

---

**7.** Reference to works which use the expression "nonprofit corporation" are not intended to intimate any opinion of this Court as to whether a Maryland nonstock corporation and a "nonprofit corporation" are one and the same in all cases. See 45 Op. Att'y Gen. 44 (1960).