The Honorable Sue Madison State Representative 573 Rock Cliff Road Fayetteville, Arkansas 72701
Dear Representative Madison:
This is in response to your request for an opinion concerning a upcoming vote of the membership of the "White River Rural Water Association" ("Association"). Specifically, you note that the question to be voted on by the members is whether or not to sell the property of the Association to the cities of Fayetteville and Springdale. You have posed the following questions in this regard:
 1. Does this vote effect a dissolution of the Association? If so, does Arkansas Code Annotated 4-26-1101 apply?
 2. Is a simple majority necessary to determine to outcome of the election or is a super majority (2/3) called for by Arkansas law?
In summary response to your questions, it is my opinion that: 1) the issue of whether the sale of property constitutes a "dissolution" is one of fact which cannot be resolved in a legal opinion; 2) even if the sale does amount to a "dissolution" of the association, A.C.A. § 4-26-1101 is not the applicable statute; and 3) there is a void in the statutory law as to what the applicable vote requirement is as regards this particular organization. Precedent of the Arkansas Supreme Court provides that if the action is a sale of substantially all the assets but not a dissolution, the applicable vote requirement is a majority of all persons having voting rights. This precedent would not seem to apply, however, when a dissolution is at issue, and if a dissolution is at issue, I have found no applicable law addressing the question. As such, the resolution of that particular question will ultimately have to be made by a court.
As an initial matter it is important to note that the "White River Rural Water Association," according to the information with which I have been supplied, is a "domestic nonprofit corporation" formed in 1969 under the provisions of former Ark. Stat. Ann. §§ 64-1901 to -1924, now codified as A.C.A. §§ 4-28-201 to -206, and 4-28-209 to -223 (1987). This is the old "Arkansas Nonprofit Corporation Act," as opposed to the new "Arkansas Nonprofit Corporation Act of 1993," codified at A.C.A. §§ 4-33-101 to -1707 (Supp. 1995). Although nonprofit corporations incorporated prior to the enactment of the new "Arkansas Nonprofit Corporation Act of 1993," such as the "White River Rural Water Association" may elect to be covered by the provisions of the new act by an amendment to its articles of incorporation (see A.C.A. § 4-33-1701), it does not appear that the articles of incorporation of the "White River Rural Water Association" have been so amended. The "White River Rural Water Association," therefore, continues to be governed by the old "Arkansas Nonprofit Corporation Act" (A.C.A. §§ 4-28-201 to -224).
I should also point out that the articles of incorporation and by-laws of the Association are silent as to any specific methods for approving the sale of all assets or effecting a dissolution of the corporation.[1]
According to my understanding, the proposed sale of property of the Association would constitute a sale of substantially all of the property of the Association. Your first question is whether this would, in effect, amount to a "dissolution" of the Association. This type of "dissolution" is sometimes referred to as a "de facto" dissolution. It has been stated that:
 De facto dissolution, in contrast to de jure dissolution, is largely a question of fact. The issue is what acts will give rise to a proper determination of corporate nonuse such that a court may declare such corporation de facto dissolved. The mere fact that a corporation has stopped doing business does not necessarily constitute a de facto dissolution. [Citation omitted.] A corporation may cease to exist for all practical purposes, and yet not be dissolved as a matter of law. [Citation omitted.] A corporation does not pass out of existence because it has become insolvent or has lost its property and ceased to carry on business. [Citation omitted.] And finally, the mere transfer of corporate assets is not sufficient to work a dissolution. E.g., Hunn v. United States, 60 F.2d 430 (8th Cir. 1932). Only a `totally voluntary abandonment of its franchise [charter] is sufficient to work a de facto dissolution. Id. at 432.
Spurlock v. Santa Fe Pacific Railroad Company, 143 Ariz. 469,694 P.2d 299 (1985) at 313.
It has also been stated as a general rule that: "in the absence of a statute or charter provision to the contrary, the transfer or loss by a corporation of all of its property does not, ipso facto, work a dissolution." 19 C.J.S. Corporations § 827. [Footnotes omitted.] Seealso Oleck, Nonprofit Corporations, Organizations and Associations (1988) at § 448 (same). It has also been held, however, that: "[a] transfer by a corporation of all its property, or its enforced sale under execution, may . . . in a proper case, be regarded as a de facto dissolution." 19 C.J.S. Corporations § 827.
As can be seen from the authorities above, the sale of substantially all of a corporation's property or assets, does not, without more, constitute a "de facto dissolution" of the corporation, but a court faced with all the facts could conclude a de facto dissolution has occurred under such circumstances. Id. In any event, the question is one of fact. This office does not function as a factfinder in issuing formal legal opinions. The question of whether a "de facto dissolution" occurs by virtue of the sale of the Association's property will thus have to be determined by a court.
In any event, in response to the second part of your first question, A.C.A. § 4-26-1101 is not the applicable statute. That statute is a part of the "Arkansas Business Corporation Act" passed in 1965, and requires a two-thirds vote of all outstanding shares to dissolve a business corporation. This same act of 1965 also requires a two-thirds vote to sell substantially all the property or assets of the corporation. See
A.C.A. § 4-26-903. There is also a newer "Arkansas Business Corporation Act of 1987" (see A.C.A. §§ 4-27-101 to -1705 (Repl. 1991)), which requires only a majority vote to dissolve the corporation absent a higher requirement in the articles of incorporation or by-laws. See A.C.A. §4-27-1402. A similar majority requirement is necessary to sell substantially all of the assets under the new Business Corporation Act.See A.C.A. § 4-27-1202.
Each of these acts, however, applies to for profit corporations and not to nonprofit corporations. As recently re-emphasized by the Arkansas Supreme Court, the statutes governing business corporations do not cover corporations organized under the sections governing nonprofit corporations. See Allen v. Malvern Country Club, 295 Ark. 65,746 S.W.2d 546 (1988) (emphasis original), citing Chamber of Commercev. Barton, 195 Ark. 274, 112 S.W.2d 619 (1937). See also, Matthews,Corporate Statutes — Which One Applies? 13 U.A.L.R., L.J. at 92, and MorrisAlpert Sons, Inc. v. Kahler, 31 Colo. App. 345, 502 P.2d 98, 100
(1972) (stating that "because of the basic distinction between business corporations and non-profit corporations and the difference in the relationships between such organizations and `stockholders' on the one hand, and `members' on the other, it is the general rule that business corporation statutes requiring more than a majority vote to achieve corporate action are not applicable to non-profit corporations").
Thus, A.C.A. § 4-26-1101, found in the 1965 Business Corporation Act is not the applicable statute. Neither is any statute found in the new 1987 Business Corporation Act. Neither is any statute found in the new "Arkansas Nonprofit Corporation Act of 1993" because the Association has not elected to be governed by its provisions. (The pertinent portion of that act requires, in order to dissolve or sell substantially all the assets, approval by the board of directors and an affirmative vote of two-thirds of the votes cast or a majority of the voting power, whichever is less. See A.C.A. §§ 4-33-1202 and 4-33-1402). What then is the required vote to dissolve or sell all the property of a nonprofit corporation governed by the "Arkansas Nonprofit Corporation Act" of 1965, the only act applicable to the Association? As noted recently by a legal commentator, that act is silent on the question. See Harris, TheNonprofit Corporation Act of 1993: Considering the Election to Apply theNew Law to Old Corporations, 16 U.A.L.R.L.J. 1, at 2 (stating that "no procedures [are] prescribed [in the 1965 act] for approval of extraordinary transactions involving voluntary dissolution or sale of substantially all the corporation's assets).
One case of the Arkansas Supreme Court addresses this statutory void. InGiss v. Apple, 239 Ark. 1124, 396 S.W.2d 813 (1965), the facts showed that a nonprofit corporation (a country club) sought to sell substantially all of its assets and move the country club to a new location. The articles of incorporation and by-laws were silent as to the vote requirement for the proposal. A close vote of the membership was taken at which a majority of the number of members present at themeeting voted to go through with the sale, but not a majority of the number of members having voting rights. The court, after noting that the relevant act, the "Arkansas Nonprofit Corporation Act of 1965," was silent on the question, cited some general treatises on the law of corporations, and placed emphasis on analogous actions of the corporation in giving the directors similar power, such as to mortgage the property of the Association (which under the articles of incorporation required a vote of a majority of members having voting power). The court held that in order to sell substantially all of the corporate property, a majority vote of the corporation's members having voting rights was necessary. The court thus filled the statutory void as to the sale of all assets as best it could, looking to general corporate law and the past actions of the corporation. If therefore, the sale of the property of the "White River Rural Water Association" is a sale of all assets without a dissolution, it appears that the vote requirement, according to Giss, in the absence of any controlling provision in the corporate articles or by-laws, is a majority of the members having voting power.
The court in Giss noted twice, however, that the case before it did not amount to a dissolution of the corporation. The court did not state what the vote requirement would have been upon dissolution. It was argued by the plaintiffs that a unanimous vote of all the members was necessary to sell all the corporate property or to dissolve the corporation. Indeed, this was the common law rule as to sales of substantially all assets (seeSouthwestern R. Co. et. al v. Benton, 206 Ga. 770, 58 S.E.2d 905, 914
(1950) and as to dissolutions at common law. See Oleck, NonprofitCorporations, Organizations, and Associations (1988) at § 449. As noted in Oleck's treatise, however, this common law rule is "out." Id. The vote requirement is covered in most every state by statute, some states requiring a majority vote and some requiring two-thirds. Unfortunately, in Arkansas, however, there is no such statute applying to corporations still governed by the "Nonprofit Corporation Act" of 1965. It appears unlikely that the Arkansas Supreme Court would apply a unanimous vote requirement to dissolve this corporation. It did not do so in Giss in the face of an equally silent statute as to sales of all assets, and in light of an identical common law rule. It also appears, however, that the court if faced with an actual dissolution, would not be bound, strictly speaking, by the precedent of the Giss decision, which did not involve a dissolution. The question remains as to what vote requirement a court would impose to dissolve a nonprofit corporation governed by the 1965 act.
In conclusion, if the action contemplated by the "White River Rural Water Association" is a sale but not a dissolution of the corporation, it appears that a majority vote of all the members having voting rights is required by the Giss decision. If indeed the sale of assets works a dissolution of the corporation, there is no applicable law, and a court will have to decide the issue, with reference to the surrounding law, any marginally relevant provisions in the articles of incorporation and by-laws, and with reference to any facts concerning how the Association has conducted business in the past.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] There is one provision of the by-laws which may be of marginal relevance in determining the issue, but it cannot be said to specifically govern the vote requirement in this instance. See By-laws, Article XII, Section 1 (prohibiting, by a majority vote of the members present at any meeting, the amendment of the by-laws to effect a "fundamental change" in the policies of the corporation.) Another marginally relevant provision is found in the minutes of the very first meeting of the Board of Directors. See Minutes, p. 3 (authorizing the Board to "sell or discount any notes, bills or accounts receivable, acceptances or any other instruments or property of this corporation on such terms as said officers deem advisable. . . .") It would be necessary for a court to review these provisions in light of other facts and determine their relevancy in any legal action brought.